## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHAVAR BRAND,

       Petitioner,

v.                                   Case No:  8:16-cv-1799-T-30TGW
                                   Crim. Case No: 8:11-cr-413-T-30TGW

UNITED STATES OF AMERICA,

       Respondent.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Petitioner Shavar Brand's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) filed on June 24, 2016.  By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).  In accordance with § 2255(f)(3), Petitioner's motion was timely filed within one year of *Johnson*.  The government agrees that Petitioner is entitled to relief under *Johnson* because Petitioner was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), but due to *Johnson*'s invalidation of the residual clause, Petitioner no longer has the requisite three qualifying predicate offenses for the ACCA enhancement to apply.  (CV Doc. 6).

On December 14, 2011, Petitioner pled guilty to (1) distribution of cocaine base in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C) (Count I), (2) distribution of twenty-eight

grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count II), and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (Count III).  (CR Docs. 25, 29).  On May 23, 2012, Petitioner was sentenced to 188 months' imprisonment, comprising 188 months' imprisonment on each count to run concurrently.  (CR Doc. 27).  Petitioner's sentences were to be followed by five years' supervised release, comprising three years on Count I and five years on Counts II and III, to run concurrently.

On Count III, Petitioner was subject to an ACCA enhancement based on three predicate offenses: aggravated assault, aggravated battery, and burglary.  (PSR at ¶ 32).  A Florida conviction for burglary, although listed under the enumerated-offenses clause of the ACCA, is no longer an ACCA predicate offense.  The Florida burglary statute is too broad to be considered generic burglary; thus, Florida burglary was deemed a violent felony for purposes of the ACCA under the residual clause.  In light of *Johnson*, Florida burglary does not qualify as an ACCA predicate offense under the residual clause.

The Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), also clarified that a Florida burglary conviction is not considered an ACCA predicate offense under the ACCA's enumerated-offenses clause.  The enumerated-offenses clause of the ACCA defines a violent felony as including "burglary, arson, or extortion."  § 924(e)(2)(B)(ii).  A crime qualifies as an ACCA predicate under the enumerated-offenses clause if the elements of the crime are the same as, or narrower than, the generic offense.  Burglary is a crime "contain[ing] the following elements: an

2

unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

In *Mathis*, the Supreme Court held that Iowa's burglary statute "cover[ed] more conduct than generic burglary" because the Iowa statute reached a broader range of places beyond a "building or other structure." *Id.* at 2250, 2251.   The Court further concluded that the statute was not divisible because only elements are divisible and not the means by which the elements are committed. *Id.*   Thus, the Supreme Court concluded that the Iowa offense of burglary could not qualify as an ACCA predicate offense because its elements were broader than the elements of the generic offense and the statute was indivisible. *Id.* at 2251.

The Florida burglary statute defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter."   Fla. Stat. § 810.02(1)(b)(1).   Like the Iowa statute, the Florida statute is broader than the generic burglary offense because a "dwelling" includes the curtilage of a building and a conveyance includes "any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car."   Fla. Stat. § 810.011(2)-(3); *see also James v. United States*, 550 U.S. 192, 212 (2007), *overruled on other grounds by Johnson*, 135 S. Ct. 2551. Consequently, a Florida burglary conviction is also not an ACCA predicate offense under the enumerated-offenses clause.

Without the ACCA enhancement, possession of a firearm by a convicted felon carries a statutory maximum of ten years' imprisonment and three years' supervised

release.  *See* 18 U.S.C. §§ 924(a), 3583(b)(2), 3559(a)(3).   Without the ACCA enhancement, the sentencing guidelines provide for a total offense level of 23 and criminal history category of II, resulting in a guideline range of 51 to 63 months' imprisonment. Petitioner has been in custody since September 7, 2011, and his current projected release date is May 1, 2025.  (PSR at 2; CV Doc. 6 at 3).

The parties request that Petitioner's sentences be reduced to time served and his terms of supervised release be reduced to three years.  Petitioner does not request a resentencing hearing, waives his right to be present at a resentencing hearing, and consents to being resentenced without his presence in accordance with the parties' agreement.  (*Id.*).

Because Petitioner's Florida burglary conviction no longer qualifies as ACCA predicate offense, his § 2555 motion should be granted and his sentences shall be reduced to time served followed by three years' supervised release.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Petitioner Shavar Brand's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is GRANTED.

2.      The sentences in case no. 8:11-cr-413-T-30TGW at Doc. 37 are VACATED.

3.      Petitioner's sentences in case no. 8:11-cr-413-T-30TGW shall be reduced to time served.  These sentences shall be followed by three years' supervised release on each count to run concurrently.  An amended judgment shall be issued in case no. 8:11-cr-413-T-30TGW.

4.      The Clerk is directed to close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of August, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record